IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

STACY M. FRANKLIN,

    Plaintiff,

v.

HICKMAN COUNTY JAIL and
SOUTHERN HILLS PARTNERSHIP,

    Defendants.

No. 1:14-cv-0136
Senior Judge Haynes

**MEMORANDUM**

Plaintiff, Stacy M. Franklin, a state inmate at the Hickman County Jail in Centerville, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Hickman County Jail and Southern Hills Partnership. Plaintiff alleges that since she has been housed at the Hickman County Jail, she has suffered discrimination on the basis of gender and sexual orientation and retaliation for exercising her rights under the First Amendment by jail employees.

The complaint (Docket Entry No. 1) is before the Court for an initial review under the Prison Litigation Reform Act ("PLRA"). Under the PLRA, the Court must conduct an initial review of a civil complaint filed *in forma pauperis* and dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* at 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals under the PLRA "because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In considering whether a *pro se* prisoner's complaint meets this standard, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citations omitted). *Pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

To state a colorable claim under 42 U.S.C. § 1983, a plaintiff must allege (1) a deprivation of rights secured by the Constitution and laws of the United States and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2002) (citations omitted).

The first defendant, Hickman County Jail, is not a "person" that can be sued in a § 1983 action. *See Petty v. Cnty. of Franklin, Ohio*, 479 F.3d 341, 347 (6th Cir. 2007) (a county sheriff's department is not a "person" subject to liability under § 1983). The Court therefore construes the complaint broadly as attempting to state a claim against Hickman County, the municipality. Although a municipality may be liable under § 1983, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), a municipality cannot be liable solely on the basis that it employs a tortfeasor, because

"[r]espondeat superior is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). Instead, a municipality can be held responsible for an alleged constitutional deprivation only if there is a direct causal link between a policy or custom of the municipality and the alleged constitutional violation. *Monell*, 436 U.S. at 694; *Ford v. Cnty. of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008) (quoting *Monell*). A plaintiff must identify the policy or custom that caused her injury. *Ford*, 535 F.3d at 495; *see Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy" (citations omitted)).

Hickman County and Southern Hills may be sued under § 1983. These Defendants can be held responsible for an alleged constitutional deprivation only if the plaintiff alleges plausible facts that a policy or custom of the entity caused the alleged constitutional violation. *Monell*, 436 U.S. at 694; *West v. Atkins*, 487 U.S. 42, 56 (1988) (holding that a private medical provider contracted to provide medical care to prisoners is a state actor for purposes of § 1983).

Plaintiff alleges vaguely that she has been denied medical care. Plaintiff, however, does not identify by whom or indicate any harm suffered as a result of the denial of medical attention by Hickman County. Plaintiff's allegations do not identify a policy connected to Defendant Hickman County nor has Plaintiff allege facts that she incurred an injury of constitutional dimension because of execution of any corporate policy. Plaintiff does not sue the individuals who are allegedly responsible for the alleged discrimination and retaliation, nor does Plaintiff assert the existence of a policy or custom of the jail or the county that caused her injuries. The Court therefore concludes that Plaintiff's complaint fails to state a claim against Hickman County for which relief may be granted under § 1983. *Garner*, 8 F.3d at 364.

As to Defendant Southern Hills Partnership that contracted with Hickman County to provide medical service to inmates at the Hickman County Jail, Plaintiff also fails to allege any facts to suggest any policy by this Defendant that is necessary to state a claim under Section 1983.

For these reasons, the Court concludes that the complaint must be dismissed for failure to state a claim for which relief may be granted.

An appropriate Order is filed herewith.

It is so **ORDERED**.

ENTERED this the ____ day of January, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge